STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
December 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER
Commissioner Below, Petitioner

vs.)　No. 12-0540　(BOR Appeal No. 2046489)
　　　　　　　　　　(Claim No. 2002041302)

HOMER E. WHITT,
Claimant Below, Respondent

and

GREENBRIER MOTOR COMPANY, INC.,
Employer Below, Respondent


MEMORANDUM DECISION

Petitioner the West Virginia Office of Insurance Commissioner, by Gary Mazezka, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Homer E. Whitt, by Reginald Henry, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 29, 2012, in which the Board affirmed a September 12, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 18, 2011, decision denying Mr. Whitt's request for authorization for a revision and nerve repair of the ulnar nerve at the wrist. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Whitt injured his right upper extremity while unloading a diesel motor from a truck on December 26, 2001. The claim was held compensable for pain in the limb, unspecified; injury to a nerve in the shoulder; and medial epicondylitis of the elbow. On November 23, 2010, Dr. Ryu, Mr. Whitt's treating physician, reported that Mr. Whitt was experiencing recurrent ulnar nerve neuropathy following four surgical procedures to treat his compensable injury. Dr. Ryu stated that he hoped to treat Mr. Whitt's current symptoms with Lyrica. On February 10, 2011, Dr. Ryu reported that the attempted treatment with Lyrica had failed and that Mr. Whitt's only chance to resolve his symptoms is through an additional surgical procedure. On March 18, 2011, Dr. Soulsby performed a records review and stated that a fifth procedure is not appropriate, based in part on his finding that the four prior procedures have not provided lasting relief. On March 18, 2011, the claims administrator denied Mr. Whitt's request for authorization for a revision and nerve repair of the ulnar nerve at the wrist.

In its Order reversing the claims administrator's March 18, 2011, decision and granting authorization for a revision and nerve repair of the ulnar nerve at the wrist, the Office of Judges held that the requested medical treatment is reasonable and necessary for the treatment of Mr. Whitt's compensable injury. The West Virginia Office of Insurance Commissioner disputes this finding and asserts that Mr. Whitt has failed to establish that the requested medical treatment is necessary for the treatment of his compensable injury.

The Office of Judges found that Mr. Whitt has undergone four prior surgical procedures and still suffers from symptoms that cannot be controlled through medication. The Office of Judges then found that Dr. Soulsby, who recommended denying the requested treatment, has never physically examined Mr. Whitt. Finally, the Office of Judges found that Dr. Ryu, who stated that surgery is Mr. Whitt's only option for improving his symptoms, is in the best position to determine the future course of treatment because he performed Mr. Whitt's prior surgeries. The Board of Review reached the same reasoned conclusions in its decision of March 29, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II